**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12102

Non-Argument Calendar

_____

CONNOR HUNTLEY,

*Plaintiff-Appellee,*

*versus*

HILLSBOROUGH COUNTY SHERIFF'S
OFFICE, et al.,

*Defendants,*

GREGORY TINDALL,
in his individual capacity,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:25-cv-01318-MSS-CPT

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Officer Gregory Tindall appeals the denial of his motion for summary judgment against Connor Huntley's complaint that Tindall violated his constitutional right of access to the courts. *See* 42 U.S.C. § 1983. Tindall argued that he is entitled to qualified immunity. In a three-sentence paperless order, the district court denied Tindall's motion as "premature." It reasoned that "a motion for summary judgment is premature if filed before discovery has taken place." The district court committed reversible error. We vacate and remand for further proceedings.

Our precedent required the district court to rule promptly on Tindall's entitlement to qualified immunity. *See Miller v. Palm Beach Cnty. Sheriff's Off.*, 129 F.4th 1329 (11th Cir. 2025). "As the Supreme Court has made clear, qualified immunity is an immunity from suit that grants officials an entitlement not to stand trial or face the other burdens of litigation." *Id.* at 1333 (internal quotation marks and citations omitted). A district court must resolve the defense of qualified immunity "at the earliest possible stage in litigation." *Id.* (internal quotation marks and citations omitted). And it must provide a sufficient explanation for its decision "on a claim-by-claim . . . basis" for us to provide meaningful appellate review. *Id.* "We have repeatedly held that a district court errs when it reserves ruling on an official's entitlement to qualified immunity." *Id.*

25-12102                Opinion of the Court                3

We **VACATE** the order denying Tindall's motion for summary judgment and **REMAND** with instructions to rule on his entitlement to qualified immunity.